# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENCO OIL, INC. | : | Civil Action |
| | : | Docket No.: |
| Plaintiff | : | |
| | : | |
| | : | Jury Trial Demanded |
| v. | : | |
| CASANDRA K. BLANEY, ESQ., dba | : | |
| Brann Williams Caldwell & Sheetz; | : | |
| and | : | |
| CASANDRA K. BLANEY, P.C., dba | : | |
| Brann Williams Caldwell & Sheetz; | : | |
| and | : | |
| GERALD W. BRANN, ESQ. dba | : | |
| Brann Williams Caldwell & Sheetz; | : | |
| and | : | |
| GERALD W. BRANN, P.C., dba | : | **Complaint** |
| Brann Williams Caldwell & Sheetz; | : | |
| and | : | |
| EVAN S. WILLIAMS, JR., ESQ., dba | : | |
| Brann Williams Caldwell & Sheetz; | : | |
| and | : | |
| EVAN S. WILLIAMS, P.C., dba | : | |
| Brann Williams Caldwell & Sheetz; | : | |
| and | : | |
| DAVID J. BRANN, ESQ. dba | : | |
| Brann Williams Caldwell & Sheetz; | : | |
| and | : | |
| HAROLD G. CALDWELL, ESQ., dba | : | |
| Brann Williams Caldwell & Sheetz; | : | |
| and | : | |
| RICHARD D. SHEETZ, ESQ., dba | : | |
| Brann Williams Caldwell & Sheetz; | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

Plaintiff Brenco Oil, Inc., by and through its undersigned counsel, Alexander J. Palamarchuk, Esq., and the law firm of McGivney, Kluger & Cook, P.C. hereby brings this claim against Defendants, and in support thereof, respectfully sets forth as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff, Brenco Oil, Inc. ("Brenco") is an Arizona corporation with a principal place of business located at 8390 East Via De Ventura #225, Scottsdale, Arizona 85258.

2.     Defendant Casandra K. Blaney, Esquire ("Blaney"), at all times relevant is an attorney licensed to practice law in the Commonwealth of Pennsylvania, doing business as Brann Williams Caldwell & Sheetz (the "Brann Firm") and having her principal place of business at 1090 West Main Street, Troy, PA  19647.

3.     Defendant Casandra K. Blaney, P.C. ("Blaney, P.C.") upon information and belief is a professional corporation doing business as the Brann Firm and organized for the practice of law and existing pursuant to the laws of the Commonwealth of Pennsylvania having its registered address and principal place of business at 1090 West Main Street, Troy, PA 16947.

4.     At all times herein relevant, Blaney acted either individually and/or by and through the corporate entity Blaney, P.C. of which she was the sole registered officer, director and shareholder.  (collectively the "Blaney Defendants").

5.     Defendant Gerald W. Brann, Esquire ("G. Brann"), at all times relevant is an attorney licensed to practice law in the Commonwealth of Pennsylvania, doing business as the Brann Firm and having his principal place of business at 1090 West Main Street, Troy, PA 16947.

6.     Defendant Gerald W. Brann, P.C. ("G. Brann, P.C.") is, upon information and belief a professional corporation doing business as the Brann Firm and organized for the practice of law and existing pursuant to the laws of the Commonwealth of Pennsylvania having as its registered address and principal place of business at 1090 West Main Street, Troy, PA 16947.

7.      At all times relevant, G. Brann acted either individually and/or by and through the corporate entity, G. Brann, P.C., of which he was the sole registered officer, director and shareholder.

8.      Defendant Evan S. Williams, Jr., Esquire ("Williams"), at all times relevant is an attorney licensed to practice law in the Commonwealth of Pennsylvania, doing business as the Brann Firm having his principal place of business at 1090 West Main Street, Troy, PA 16947.

9.      Defendant Evan S. Williams, P.C. ("Williams, P.C.") is, upon information and belief, a professional corporation doing business as the Brann Firm and organized for the practice of law and existing pursuant to the laws of the Commonwealth of Pennsylvania having its registered address and principal place of business at 1090 West Main Street, Troy, PA 16947.

10.     At all times relevant, Evan S. Williams, Jr., acted either individually and/or by and through the corporate entity, Williams, P.C., of which he was the sole registered officer, director and shareholder (hereinafter collectively, the "Williams Defendants").

11.     Defendant David J. Brann, Esquire at all times relevant is an attorney licensed to practice law in the Commonwealth of Pennsylvania, doing business as the Brann Firm as having his principal place of business at 1090 West Main Street, Troy, PA  16947.

12.     Defendant Harold G. Caldwell, Esquire ("Caldwell"), at all times relevant is an attorney licensed to practice law in the Commonwealth of Pennsylvania, doing business as the Brann Firm as having his principal place of business at 1090 West Main Street, Troy, PA 16947.

13.     Defendant Richard D. Sheetz, Esquire ("Sheetz"), at all times relevant, is an attorney licensed to practice law in the Commonwealth of Pennsylvania, doing business as the Brann Firm having his principal place of business at 1090 West Main Street, Troy, PA 16947.

14.     At all times relevant,, Blaney, Blaney, P.C., G. Brann, G. Brann, P.C., Williams and Williams, P.C., D. Brann, and Brann Williams Caldwell and Sheetz, (hereinafter collectively the "Brann Firm Defendants") held themselves out to the members of the public, and specifically to Brenco, as capable, competent and experienced oil, gas and mineral rights attorneys in the Commonwealth of Pennsylvania.

15.     At all times relevant, the Brann Firm Defendants either individually or collectively provided legal representation and legal advice with respect to oil, gas and mineral rights legal matters to Brenco, and in that capacity, committed the liability-imposing conduct set forth below.

16.     At all times relevant, the Brann Firm was organized as a general partnership and as such, the individual Brann Firm Defendants can be held vicariously liable for acts and omissions of the additional individual Brann Firm Defendants other than themselves.

17.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

18.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and, to the extent necessary, the District Court should retain jurisdiction over all parties pursuant to 28 U.S.C. § 1367, as the claims against all parties are related to the claims upon which original jurisdiction is based.

19.     This Court has personal jurisdiction over the parties because the Brann Firm Defendants conducted substantial business in this District and have had systemic and continuous contact within the District.  Venue is proper under 28 U.S.C. §1391 because the Brann Firm

Defendants engaged in substantial conduct giving rise to the claims set forth herein within this Judicial District.

## OPERATIVE FACTS

20. Brenco is in the business of acquiring both parcels of land and subsurface oil, gas and mineral rights (collectively "OGM Rights") for re-sale, leasing, and development, particularly OGM Rights for re-sale, leasing and development.

21. Sometime in July, 2011, Brenco became a participant in a business venture with Chief Oil & Gas, LLC ("Chief") which was involved in the business of leasing OGM Rights in Pennsylvania. ("Chief Venture").

22. As part of the Chief Venture, Brenco contemplated and investigated the purchase of OGM Rights held by owners preliminarily identified as the heirs of the Innes family in Bradford County, Pennsylvania, which OGM Rights, if acquired, Brenco intended to lease to Chief.

23. In conjunction with that investigation, on July 20, 2011, Brenco initially contacted the Brann Firm to engage its professional services in the fields of oil and gas and real estate law for purposes of advising and counseling Brenco regarding the acquisition of the OGM Rights purportedly owned by descendants of the Innes family in the Pennsylvania counties of Bradford and Sullivan. ("Initial Engagement").

24. Specifically, Brenco retained the Brann Firm and its attorneys in the Initial Engagement because of their experience and reputation in the identification and resolution of title and ownership issues associated with Pennsylvania OGM Rights, wills and estates, heirship rights, and real property law.

25.    In conjunction with the Initial Engagement, Brenco requested a legal opinion from the Brann Firm and its attorneys concerning title to and ownership of OGM Rights in Bradford County, Pennsylvania that had been acquired by members of the Innes family and to verify that the living heirs of the Innes family from whom Brenco intended to purchase such OGM Rights were the lawful descendants of the original Innes family owners (the "Innes Family Heirs.").

26.    In furtherance of the Initial Engagement, on November 11, 2011, Brenco received a memorandum opinion regarding the ownership of the OGM Rights purportedly owned by the Innes Family Heirs in Bradford County, Pennsylvania and thereafter, on December 5, 2011, the Brann Firm supplied a purported listing of all of the living Innes Family Heirs who Brenco was advised were the successors and title holders of Innes family OGM Rights in Bradford County, Pennsylvania.

27.    Thereafter, consistent with the scope of services sought by Brenco in the Initial Engagement, on May 1, 2012, Brenco requested that the Brann Firm provide title abstracting and heirship opinions concerning approximately 50% of 5,000 oil, gas and mineral acres (the "Hill Heir Acreage") in Bradford and Sullivan Counties which available land records indicated were owned by the heirs of Jonathan A. and Lucy Hill (the "Hill Heirs"). At the time, Brenco was interested in acquiring a portion of the Hill Heir Acreage and associated OGM Rights owned by the Hill Heirs and Brenco requested that the Brann Firm provide title abstracting and oil and gas title opinions for the Hill Heir Acreage and associated OGM Rights, as well as legal opinions identifying and confirming the identity of the Hill Heirs ("Hill Heir Retention").

28.    At approximately the same time as the Brann Firm began to represent Brenco in the Hill Heir Retention, another oil and gas company, Chesapeake Appalachia, LLC

("Chesapeake"), initiated litigation pursuant to the Pennsylvania Dormant Oil and Gas Act ("DOGA Action") concerning the heirs to the Hill Heir Acreage contending that a DOGA Trust should be created as a repository for any funds to be paid for the purchase or lease of the Hill Heir Acreage based on Chesapeake's assertion that there were unknown and unlocatable owners of OGM Rights, including some of the Hill Heir Acreage, in Bradford County, Pennsylvania.

29.   In conjunction with the representation of Brenco in the Hill Heir Retention, on September 19, 2012, the Brann Firm and its attorneys then became involved in representing Brenco in the DOGA Action and on Brenco's behalf sought to have Chesapeake's Petition to create a DOGA Trust dismissed.

30.   After the Brann Firm and its attorneys became involved on Brenco's behalf in the DOGA Action, Brenco was advised by the attorneys at the Brann Firm that they had located and identified the lawful living heirs to the Hill Heir Acreage and that as such the Petition to create a DOGA Trust should be dismissed.

31.   The Brann Firm assigned Blaney and Williams to represent Brenco in the DOGA Action and to perform all of the legal services associated with the Hill Heir Retention.

32.   At the time Blaney was so assigned, it was represented to Brenco by the Brann Firm Defendants that Blaney was an attorney experienced in the filed of oil and gas law, heirship and estate matters and therefore capable and competent to provide the services required for the Hill Heir Retention as well as the DOGA Action.

33.   However, upon information and belief, Blaney had limited experience handling litigation under the Pennsylvania DOGA Act and OGM Rights and heirship rights matters.

34   Moreover, upon information and belief, after Blaney on behalf of the Brann Firm began providing legal services to Brenco, she received insufficient and inadequate supervision

from the other Brann Firm Defendants, despite her lack of experience in dealing with DOGA claims and handling OMG Rights and heirship rights matters.

35.     Nevertheless, based upon the Brann Firm Defendants' assurances and representations as to Blaney's experience, or its failure to disclose her lack of experience and expertise in these areas, Brenco agreed to allow Blaney, on behalf of the Brann Firm, to represent it in the DOGA Action and on the Hill Heir Retention and on January 25, 2013, Blaney on behalf of the Brann Firm entered her appearance on Brenco's behalf in the DOGA Action.

36.     Thereafter, in conjunction with Brenco's opposition to Chesapeake's Petition seeking the creation of a DOGA Trust, based on title opinions and heirship investigations conducted and opinions provided by Blaney, Blaney prepared numerous Pennsylvania Act 118 Affidavits which were intended to identify the current heirs of Jonathan A. and Lucy Hill who would be the lawful owners of the OGM Rights associated with the Hill Heir Acreage ("Act 118 Affidavits").

37.     It was Brenco's understanding and belief that at the time Blaney prepared the Act 118 Affidavits, based on her title and heirship investigation and opinions, she had correctly identified the current owners of the OGM Rights associated with the Hill Heir Acreage.

38.     Upon information and belief, the other Brann Firm Defendants failed to adequately review Blaney's title opinions, heirship investigations and legal opinions for the Act 118 Affidavits prepared by her that purportedly identified the then living heirs of Jonathan A. and Lucy Hill.

39.     During the Brann Firm's representation of Brenco in the DOGA Action and thereafter, Blaney conducted additional extensive heirship investigations and title work in an attempt to confirm the identities of the title holders of the Hill Heir Acreage and the associated

OGM Rights owned by Jonathan A. and Lucy Hill, including one of their descendants, George R. Hill.

40.     Specifically, on March 15, 2013, Blaney on behalf of the Brann Firm, provided Brenco with a title opinion and a listing of the purported current heirs of George R. Hill, which were based, in part, on the aforesaid Act 118 Affidavits that Blaney prepared for the DOGA Action.

41.     Thereafter, on or about June 25, 2013, Blaney on behalf of the Brann Firm, issued another title opinion pertaining to the OGM Rights that had been owned by Jonathan A. Hill and Thomas E. Proctor and a potential reservation of certain oil, gas and mineral rights.

42.     Upon information and belief, the other Brann Firm Defendants failed to adequately oversee, assist with and/or review Blaney's title work, heirship investigations and legal opinions in any of the aforesaid title opinions, heirship investigations and legal opinions issued by her on behalf of the Brann Firm.

43.     Following the Blaney Defendants and the other Brann Firm Defendants' completion of the heirship investigations and title work, and based upon all of the aforesaid Act 118 Affidavits and title and heirship opinions issued by Blaney, Brenco contacted the individuals who had been identified by Blaney as the Hill Heirs in order to purchase the Hill Heirs Acreage and associated OGM Rights.

44.     Thereafter, and based upon the opinions and assurances provided in the aforesaid title and heirship opinions and the Act 118 Affidavits prepared by Blaney on behalf of the Brann Firm, the Blaney Defendants, on behalf of the Brann Firm, represented Brenco in multiple closings through which Brenco believed it had legally acquired OGM Rights totaling

approximately 1,800 net mineral acres of the Hill Heir Acreage from the actual and current Hill Heirs.

45.     Upon completing the acquisitions of the approximately 1,800 net mineral acres of the Hill Heir Acreage from the Hill Heirs, and based upon all of the aforesaid title opinions, heirship investigations and legal opinions provided by the Blaney Defendants, on behalf of the other Brann Firm Defendants, on March 7, 2014, Brenco entered into a Purchase and Sale Agreement ("PSA") with Shepherd Royalty, LLC ("Shepherd") that provided for Shepherd's purchase of approximately 1,600 of the 1,800 net mineral acres of the Hill Heir Acreage at $6,500.00 per acre.

46.     The PSA specifically provided for the Blaney Defendants and the Brann Firm to represent not only Brenco, but also Shepherd, to "run title" and issue a pre-closing title opinion confirming that the Hill Heirs whom the Blaney Defendants and the Brann Firm determined to be the rightful owners of the Hill Heir Acreage and the associated OGM Rights which were the subject of the PSA, were in fact correctly identified.

47.     At the time that Shepherd and Brenco entered into the PSA and agreed to hire the Blaney Defendants and the other Brann Firm Defendants to represent them as Buyer and Seller in the transaction, the Blaney Defendants and the other Brann Firm Defendants did not obtain a waiver of any potential conflicts of interest which could arise by reason of their joint representation of Brenco and Shepherd.

48.     As part of the joint representation of Brenco and Shepherd, the Blaney Defendants, on behalf of the Brann Firm and the other Brann Firm Defendants, participated in drafting the PSA and ancillary documents, conducting title investigation, delivering existing title opinions prepared for Brenco to Shepherd, and updating those opinions for both Brenco and

Shepherd and drafting the mineral deeds and closing documents required to complete each of the closing transactions for the approximately 1,800 net mineral acres of the Hill Heir Acreage.

49.     While providing all of those aforesaid legal services, the Blaney Defendants, on behalf of the Brann Firm and the other Brann Firm Defendants, never obtained a waiver of any potential conflicts of interest that could and did arise by reason of the joint representation of Brenco and Shepherd.

50.     After the PSA was entered into by Brenco and Shepherd, the Blaney Defendants, on behalf of the Brann Firm and the other Brann Firm Defendants, issued at least fourteen (14) title and heirship opinions purportedly identifying the then living Hill Heirs as the rightful owners of the Hill Heir Acreage and associated OGM Rights that were the subject of the PSA.

51.     By May 4, 2016, Brenco and Shepherd completed the last of the closings on the approximately 1,600 of the 1,800 mineral acres of the Hill Heir Acreage at a total sale price of in excess of $9,000,000.

52.     In each of the aforesaid closings, in addition to Shepherd, the only identified "Buyer" in the PSA,  Shepherd requested and Brenco agreed to convey what it believed to be valid title to the OGM Rights that were the subject of the PSA to Shepherd and six (6) other previously undisclosed grantees, PennMarc Resources, CIC Minerals, LP, Carrollton Mineral Partners III, LP, Carrollton Mineral Partners III-B, LP, Bringham Minerals, LLC, Resource Royalty Income and Growth Fund, each of which was represented to Brenco by Shepherd to be Shepherd's investor partners.  ("Shepherd's Investors").

53.     Subsequent to the aforesaid closings, on August 10, 2016, Brenco learned that another oil and gas company, which the Blaney Defendants and the other Brann Firm Defendants had also represented, Kave Consulting, Inc. ("Kave"), which upon information and belief was a

land brokerage or lease acquisition company, had previously recorded deeds on certain of the mineral acres and OGM Rights associated with the Hill Heir Acreage sold to Shepherd and Shepherd's Investors, which identified different heirs than those that had been identified by the Blaney Defendants and the other Brann Firm Defendants in the heirship and title opinions which they had provided to Brenco concerning the Hill Heir Acreage.

54.     After learning that information and following multiple communications with the Blaney Defendants, on August 17, 2016, the Blaney Defendants, on behalf of the Brann Firm and the other Brann Firm Defendants, admitted to Brenco that certain individuals in the title and heirship opinions that had been issued had been incorrectly identified as Hill Heirs and owners of the OGM Rights associated with a portion of the Hill Heir Acreage sold to Shepherd and the Shepherd Investors.

55.     In these communications, Blaney specifically admitted that she had failed to correctly identify the rightful ownership lineage that evolved following the death of a descendant of Jonathan A. and Lucy Hill known as George R. Hill  (hereinafter "Title Failure").

56.     The Title Failure arose from the Blaney Defendants and the other Brann Firm Defendants' failure to correctly investigate, and analyze numerous recorded testamentary instruments so as to determine the correct heirship and title owners to the Hill Heir Acreage that had been owned by George R. Hill.

57.     As a result the failure of the Blaney Defendants and the other Brann Firm Defendants to locate and correctly analyze and interpret the effect of those recorded instruments, Brenco relied on the purported "heirs" identified by the Blaney Defendants and the other Brann Firm Defendants in the Act 118 Affidavits in the DOGA Action and in the heirship and title opinions concerning the Hill Heir Acreage that had been owned by George R. Hill, to acquire

approximately 758 net mineral acres and OGM Rights from individuals who were not heirs to George R. Hill and who never had title to the purported "Hill Heir Acreage" and which Brenco then conveyed to Shepherd in the closings on the PSA transaction.

58.     In addition, Brenco acquired and continues to hold defective or invalid title to another 270 net mineral acres of Hill Heir Acreage and associated OGM Rights which are unmarketable due to the Title Failure resulting from the Blaney Defendants and the other Brann Firm Defendants' actions and/or omissions in incorrectly identifying the heirs of George R. Hill.

59.     As a result of the Blaney Defendants, on behalf of the Brann Firm, incorrectly identifying the lawful living heirs of George R. Hill and Brenco's purchase and re-sale of the Hill Acreage and associated OGM Rights to Shepherd, Shepherd has asserted monetary claims against Brenco in excess of $5,000,000.

60.     Additionally, as a result of the Blaney Defendants, on behalf of the Brann Firm, incorrectly identifying the lawful living heirs of George R. Hill and Brenco's purchase and re-sale of the Hill Acreage and associated OGM Rights to Shepherd, Shepherd's Investors, along with their subsequent grantees, have asserted a claim against Brenco in excess of $18,000,000.

61.     As a result of the errors and mistakes made in failing to correctly identify the lawful living heirs of George R. Hill and Brenco's purchase and re-sale of the Hill Acreage and associated OGM Rights to Shepherd, the Blaney Defendants and the other Brann Firm Defendants breached their duty to Brenco to provide competent legal services.

62      Attorneys such as the Blaney Defendants and the other Brann Firm Defendants, who undertook to perform professional services for a client such as Brenco, are required to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession in similar circumstances.

63.     Brenco retained the Blaney Defendants and the other Brann Firm Defendants for the express purpose of determining whether Brenco could acquire good and marketable title to the Hill Heir Acreage, including the associated OGM Rights, and the Blaney Defendants and the other Brann Firm Defendants failed to conduct a proper legal analysis and proper heirship and title investigation that would have disclosed the true identity of all of the lawful living owners to the Hill Heir Acreage and its associated OGM Rights.

64.     The failure and errors by the Blaney Defendants and the other Brann Firm Defendants to correctly identify all of the lawful living heirs of Jonathan A. and Lucy Hill as the rightful owners of the Hill Heir Acreage, including the associated OGM Rights, was due solely and entirely to the careless and negligent conduct of the Blaney Defendants and the other Brann Firm Defendants.

65.     The failure and errors by the Blaney Defendants and the other Brann Firm Defendants to correctly identify the lawful living heirs and rightful owners of the Hill Heir Acreage, including the associated OGM Rights, caused Brenco to rely upon those failures and errors and subsequently purchase and acquire certain portions of the Hill Heir Acreage and associated OGM Rights.

66.     The specific failures and errors by the Blaney Defendants and the other Brann Firm Defendants to correctly identify the lawful living heirs and rightful owners of the Hill Heirs Acreage including the associated OGM Rights, included the following acts of careless and negligent conduct, as follows:

a.     The issuance of a Title Opinion purporting to identify the correct lawful living heirs and rightful owners of the Hill Heirs Acreage and associated OGM Rights on August 31,

2012, which Brenco relied upon to purchase and acquire certain portions of the Hill Heirs Acreage and associated OGM Rights;

     b.     The drafting and filing of each of the erroneous Act 118 Affidavits in the DOGA Action that purportedly identified the correct lawful living heirs of the Hill Heir Acreage on or around March 1, 2013, which Brenco relied upon to purchase and acquire certain portions of the Hill Heir Acreage and associated OGM Rights;

     c.     The preparation of a genealogy flow chart purporting to identify the correct lawful living heirs of George R. Hill on or around March 15, 2013, which Brenco relied upon to purchase and acquire certain portions of the Hill Heirs Acreage and associated OGM Rights;

     d.     The issuance of another Title Opinion purporting to identify the correct lawful living heirs and rightful owners of the Hill Heirs Acreage and associated OGM Rights on or around June 25, 2013, which Brenco relied upon to purchase and acquire certain of the Hill Heirs Acreage and associated OGM Rights;

     e.     The issuance of another Title Opinion purporting to identify the correct lawful living heirs and rightful owners of the Hill Heirs Acreage and associated OGM Rights on or around July 9, 2013, which Brenco relied upon to purchase and acquire certain of the Hill Heirs Acreage and associated OGM Rights;

     f.     The issuance of another Title Opinion purporting to identify the correct lawful living heirs and rightful owners of the Hill Heirs Acreage and associated OGM Rights on or around April 18, 2014, which Brenco relied upon to purchase and acquire additional Hill Heirs Acreage and associated OGM Rights;

     g     The issuance of another Title Opinion purporting to identify the correctly lawful living heirs and rightful owners of the Hill Heirs Acreage and associated OGM Rights on or

around June 13, 2014, which Brenco relied upon to purchase and acquire additional Hill Heirs Acreage and associated OGM Rights;

h.     The issuance of another Title Opinion purporting to identify the correct lawful living heirs and rightful owners of the Hill Heirs Acreage and associated OGM Rights on or around March 11 2015, which Brenco relied upon to purchase and acquire additional Hill Heirs Acreage and associated OGM rights;

i.     The issuance of another Title Opinion purporting to identify the correct lawful living heirs and rightful owners of the Hill Heirs Acreage and associated OGM Rights on or around May 21, 2015, which Brenco relied upon to purchase and acquire additional Hill Heirs Acreage and associated OGM Rights;

j.     The issuance of another Title Opinion purporting to identify the correct lawful living heirs and rightful owners of the Hill Heirs Acreage and associated OGM Rights on and around January 19, 2016, which Brenco relied upon to purchase and acquire additional Hill Heirs Acreage and associated OGM Rights;

k.     The issuance of another Title Opinion purporting to identify the correct lawful living heirs and rightful owners of the Hill Heirs Acreage and associated OGM Rights on and around January 28, 2016, which Brenco relied upon to purchase and acquire additional Hill Heirs Acreage and associated OGM Rights;

l.     The issuance of another Title Opinion purporting to identify the correct lawful living heirs and rightful owners of the Hill Heirs Acreage and associated OGM Rights on and around March 14, 2016, which Brenco relied upon to purchase and acquire additional Hill Heirs Acreage and associated OGM Rights.

67.     All of the aforementioned specific acts of careless and negligent conduct by the Blaney Defendants and Brann Firm Defendants caused Brenco to rely upon those acts to purchase and acquire portions of the Hill Heir Acreage and associated OGM Rights where the Hill Heirs were incorrectly identified and to complete multiple closings pursuant to the PSA including by not limited to, as follows:

a.     Brenco relied upon all of the aforesaid Title Opinions and each of the erroneous Act 118 Affidavits to complete a closing on a portion of the Hill Heirs Acreage and associated OGM Rights pursuant to the PSA that occurred on or around May 2, 2014;

b.     Brenco relied upon all of the aforesaid Title Opinions and each of the erroneous Act 118 Affidavits to complete another closing on a portion of the Hill Heirs Acreage and associated OGM Rights pursuant to the PSA that occurred on or around June 18, 2014;

c.     Brenco relied upon all of the aforesaid Title Opinions and each of the erroneous Act 118 Affidavits to complete another closing on a portion of the Hill Heirs Acreage and associated OGM Rights pursuant to the PSA that occurred on or around November 26, 2014;

d.     Brenco relied upon all of the aforesaid Title Opinions and each of the erroneous Act 118 Affidavits to complete another closing on a portion of the Hill Heirs Acreage and associated OGM Rights pursuant to the PSA that occurred on or around December 15, 2014;

e.     Brenco relied upon all of the aforesaid Title Opinions and each of the erroneous Act 118 Affidavits to complete another closing on a portion of the Hill Heirs Acreage and associated OGM Rights pursuant to the PSA that occurred on or around May 20, 2015;

f.     Brenco relied upon all of the aforesaid Title Opinions and each of the erroneous Act 118 Affidavits to complete another closing on the Hill Heirs Acreage and associated OGM Rights pursuant to the PSA that occurred on or around November 5, 2015

68.     As a direct and proximate result of the actions, errors, and omissions of the Blaney Defendants and the other Brann Firm Defendants, described herein, Brenco has sustained and/or may incur substantial monetary damages, including but not limited to the monetary losses associated with the purchase and sale of defective or invalid OGM Rights to Shepherd and Shepherd's Investors pursuant to the PSA, the costs associated with the acquisition of invalid mineral rights, lost profits in excess of $1,000,000 from lost business opportunities associated with the purchase of defective or invalid OGM Rights that Brenco still retains, lost royalty payments from the purchase of defective or invalid OGM Rights in excess of $700,000.00, as well as attorneys' fees paid to the Brann Firm Defendants, professional costs and expenses incurred or to be incurred in the Hill Heir Retention in excess of $300,000.00 and attorneys' fees and costs incurred or to be incurred in defending the claims asserted and to be asserted against Brenco by Shepherd and Shepherd's Investors and their subsequent grantees.


## COUNT I
## PROFESSIONAL NEGLIGENCE-ALL DEFENDANTS

69.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

70.     At all relevant times during the Hill Heir Retention, the Blaney Defendants and the other Brann Firm Defendants undertook the legal representation of Brenco to determine and correctly identify the lawful living owners of the Hill Heir Acreage and associated OGM Rights originally acquired by Jonathan A. and Lucy Hill.

71.     At all relevant times during the Hill Heir Retention, the Blaney Defendants and the other Brann Firm Defendants held themselves out as possessing the requisite skill,

knowledge, judgment, and care ordinarily possessed and exercised in the legal profession and as possessing the specific skill, knowledge and care necessary to represent Brenco and provide legal opinions and counsel regarding the applicability of Pennsylvania law as it related to the determination of ownership of and title to the Hill Heir Acreage and associated OGM Rights.

72.     More specifically, the Blaney Defendants and the other Brann Firm Defendants held themselves out to Brenco and the public as experienced oil, gas and mineral rights attorneys and experienced practitioners in the fields of oil and gas law, wills and estates, heirship rights, real property law and deeds and testamentary matters and, as such, skilled to provide heirship and title opinions concerning the Hill Heir Acreage and associated OGM Rights.

73.     At all relevant times and throughout the Hill Heir Retention, Brenco relied upon the representations and agreements of the Blaney Defendants and the other Brann Firm Defendants to provide accurate legal advice and counsel regarding the acquisition and sale of the Hill Heir Acreage and associated OGM Rights.

74.     By virtue of the aforementioned representations and agreements to provide professional legal advice and services to Brenco with respect to the Hill Heir Acreage, the Blaney Defendants and the other Brann Firm Defendants owed duties to Brenco and were obligated to exercise due care, skill and diligence in rendering professional legal services to Brenco.

75.     The Blaney Defendants and the other Brann Firm Defendants practiced law in a negligent fashion when they failed to provide correct and accurate legal opinions with respect to the ownership of and title to the Hill Heir Acreage and associated OGM Rights and correctly identify the lawful living Hill Heirs and were further negligent in that they failed to exercise the

skill, care and diligence which would reasonably and normally be exercised under the circumstances by members of the legal profession.

76. Moreover, and more specifically, the Blaney Defendants and the other Brann Firm Defendants failed to exercise ordinary skill, knowledge, diligence and professional care in rendering legal services to Brenco by actions and omissions that included, by among other things:

    a.    failing to, investigate and properly determine the lawful living heirs of George R. Hill and to correctly identify and determine the rightful owners of the Hill Heir Acreage and associated OGM Rights that had been owned by Jonathan A. and Lucy Hill;

    b.    failing to take action to investigate and correctly identify the lawful living heirs of George R. Hill and the rightful owners of the Hill Heir Acreage and associated OGM Rights that had been owned by Jonathan A. Hill and Lucy Hill;

    c.    on numerous occasions prior to and during the transaction involving the PSA with Shepherd, assuring Brenco that they had correctly identified the lawful living heirs of George R. Hill and rightful owners of the Hill Heir Acreage and associated OGM Rights that had been owned by Jonathan A. Hill and Lucy Hill;

    d.    providing assurances and representations that Blaney was an experienced oil and gas attorney when, in fact, she was not at the relevant times when she provided heirship and title opinions and related legal services in the Hill Heir Retention;

    e.    otherwise failing to exercise the ordinary degree of skill, knowledge, diligence and professional care normally exercised in the legal profession for the benefit of Brenco under the circumstances and for the reasons and purposes that they were retained; and

    f.    being otherwise negligent under the circumstances.

77.     In addition to the aforesaid, the Blaney Defendants and the other Brann Firm Defendants were negligent in failing to train and/or properly supervise its attorneys, including the Blaney Defendants, legal assistants, and other employees with respect to providing the requested and expected, skill, knowledge and care in providing legal services to its clients such as Brenco.

78.     As a direct and proximate result of the aforesaid negligence of the Blaney Defendants and the other Brann Firm Defendants, Brenco sustained monetary damages including but not limited to the monetary losses associated with the sale of defective or invalid OGM Rights to Shepherd and Shepherd's Investors pursuant to the PSA, the costs associated with the acquisition of defective or invalid OGM Rights, lost profits in excess of $1,000,000.00 from lost business opportunities associated with defective or invalid OGM Rights that Brenco still retains, lost royalty payments from defective or invalid OGM Rights in excess of $700,000.00 as well as attorneys' fees paid to the Brann Firm, other professional costs and expenses incurred in the Hill Heir Retention in excess of $300,000.00, and attorneys' fees and costs incurred in defending the claims asserted or to be asserted against Brenco by Shepherd and Shepherd's Investors and their subsequent grantees.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against all of the Defendants for damages, together with interest thereon, attorneys' fees, filing fees, and reasonable costs of suit and for such other and further relief as this court deems just and proper.

## COUNT II
## BREACH OF CONTRACT – ALL DEFENDANTS

79.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

80.     As stated in greater detail herein above, the Blaney Defendants and the other Brann Firm Defendants entered into a legal services contract with respect to the Hill Heir Retention and the PSA.

81.     Pursuant to the terms of that contract, as well as those implied in law in legal services contracts, the Blaney Defendants and the other Brann Firm Defendants were obligated to perform their services competently and in a manner consistent with the standards of the legal profession and as attorneys specializing in the area of oil, gas and mineral rights.

82.     Furthermore, pursuant to the aforementioned legal services contract, the Blaney Defendants and the other Brann Firm Defendants were obligated to represent Brenco fairly, honestly, competently, zealously and in good faith.

83.     The Blaney Defendants and the other Brann Firm Defendants held themselves out as experts in the areas of oil and gas law, wills and estates, heirship rights, real property law and deeds and testamentary matters and as such, skilled to provide heirship and title opinion concerning the Hill Heir Acreage and the associated OGM Rights.

84.     Brenco specifically retained the Blaney Defendants and the other Brann Firm Defendants to provide legal advice and counsel regarding the applicability of Pennsylvania law as it related to, among other things, determining and correctly identifying the lawful living heirs of Jonathan A. and Lucy Hill and the then rightful owners of the Hill Heir Acreage and associated OGM Rights.

85.     More specifically, Brenco retained the Blaney Defendants and the other Brann Firm Defendants to correctly identify the rightful owners of the Hill Heir Acreage in order for Brenco to acquire good and marketable title to the Hill Acreage.

76.     Pursuant to the aforementioned legal services contract, the Blaney Defendants and the other Brann Firm Defendants were obligated to provide reasonable, competent and professional legal services to Brenco, including the obligation to determine the rightful owners of the Hill Heir Acreage.

87.     The Blaney Defendants and the other Brann Firm Defendants breached the terms of their contract with Brenco by failing to prepare accurate Act 118 Affidavits in the DOGA Action and accurate title and heirship opinions with respect to the Hill Heirs and by providing incorrect and erroneous mineral rights heirship opinions concerning the lawful living owners of the OGM Rights that had been owned by Jonathan A. and Lucy Hill.

88.     As a result of their breaches, Brenco incurred costs to purchase OGM Rights from persons incorrectly identified by the Blaney Defendants and the other Brann Firm Defendants as lawful owners of the OGM Rights that had been owned by Jonathan A. and Lucy Hill and have incurred potential losses associated with the sale of defective or invalid OGM Rights to Shepherd and Shepherd's Investors pursuant to the PSA.

89.     Notwithstanding the aforesaid obligations, the Blaney Defendants and the other Brann Firm Defendants breached their agreement and duties to Brenco, by among other things:

   a.      failing to, investigate and properly determine the lawful living heirs of George R. Hill and to correctly identify and determine the rightful owners of the Hill Heir Acreage and associated OGM Rights that had been owned by Jonathan A. and Lucy Hill;

   b.      failing to take action to investigate and correctly identify the lawful living heirs of George R. Hill and the rightful owners

of the Hill Heir Acreage and associated OGM Rights that
had been owned by Jonathan A. Hill and Lucy Hill;

c.      on numerous occasions prior to and during the transaction
        involving the PSA with Shepherd, assuring Brenco that
        they had correctly identified the lawful living heirs of
        George R. Hill and rightful owners of the Hill Heir Acreage and
        associated OGM Rights that had been owned by Jonathan A. Hill
        and Lucy Hill;

d.      providing assurances and representations that Blaney was
        an experienced oil and gas attorney when, in fact, she was
        not at the relevant times when she provided heirship and
        title opinions and related legal services in the Hill
        Heir Retention;

e.      otherwise failing to exercise the ordinary degree of skill,
        knowledge, diligence and professional care normally
        exercised in the legal profession for the benefit of Brenco
        under the circumstances and for the reasons and purposes
        that they were retained.

90.     As a direct and proximate result of the aforesaid negligence of the Blaney

Defendants and the other Brann Firm Defendants, Brenco sustained monetary damages including

but not limited to the monetary losses associated with the sale of defective or invalid OGM

Rights to Shepherd and Shepherd's Investors pursuant to the PSA, the costs associated with the

acquisition of defective or invalid OGM Rights, lost profits in excess of $1,000,000.00 from lost

business opportunities associated with defective or invalid OGM Rights that Brenco still retains,

lost royalty payments from defective or invalid OGM Rights in excess of $700,000.00 as well as

attorneys' fees paid to the Brann Firm, other professional costs and expenses incurred in the Hill

Heir Retention in excess of $300,000.00, and attorneys' fees and costs incurred in defending the

claims asserted or to be asserted against Brenco by Shepherd and Shepherd's Investors and their

subsequent grantees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against all of the Defendants for damages, together with interest thereon, attorneys' fees, filing fees, and reasonable costs of suit and for such other and further relief as this court deems just and proper.

## COUNT III
## BREACH OF FIDUCIARY DUTIES – ALL DEFENDANTS

91.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

92.     As the attorneys providing legal representation and legal services to Brenco, all of the Brann Firm Defendants had a fiduciary duty to exercise unqualified good faith, honesty, integrity and zealousness in representing Brenco.

93.     By virtue of the actions, errors and omissions of the Brann Firm Defendants, described more fully above, all of the Brann Firm Defendants breached their fiduciary duty to Brenco, by among other things;

    a      failing to, investigate and properly determine the lawful living heirs of George R. Hill and to correctly identify and determine the rightful owners of the Hill Heir Acreage and associated OGM Rights that had been owned by Jonathan A. and Lucy Hill;

    b.     failing to take action to investigate and correctly identify the lawful living heirs of George R. Hill and the rightful owners of the Hill Heir Acreage and associated OGM Rights that had been owned by Jonathan A. Hill and Lucy Hill;

    c.     on numerous occasions prior to and during the transaction involving the PSA with Shepherd, assuring Brenco that they had correctly identified the lawful living heirs of George R. Hill and rightful owners of the Hill Heir Acreage and associated OGM Rights that had been owned by Jonathan A. Hill and Lucy Hill;

d.  providing assurances and representations that Blaney was an experienced oil and gas attorney when, in fact, she was not at the relevant times when she provided heirship and title opinions and related legal services in the Hill Heir Retention;

e.  otherwise failing to exercise the ordinary degree of skill, knowledge, diligence and professional care normally exercised in the legal profession for the benefit of Brenco under the circumstances and for the reasons and purposes that they were retained.

94.  As a direct and proximate result of the aforesaid negligence of the Blaney Defendants and the other Brann Firm Defendants, Brenco sustained monetary damages including but not limited to the monetary losses associated with the sale of defective or invalid OGM Rights to Shepherd and Shepherd's Investors pursuant to the PSA, the costs associated with the acquisition of defective or invalid OGM Rights, lost profits in excess of $1,000,000.00 from lost business opportunities associated with defective or invalid OGM Rights that Brenco still retains, lost royalty payments from defective or invalid OGM Rights in excess of $700,000.00 as well as attorneys' fees paid to the Brann Firm, other professional costs and expenses incurred in the Hill Heir Retention in excess of $300,000.00, and attorneys' fees and costs incurred in defending the claims asserted or to be asserted against Brenco by Shepherd and Shepherd's Investors and their subsequent grantees.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against all of the Defendants for damages, together with interest thereon, attorneys' fees, filing fees, and reasonable costs of suit and for such other and further relief as this court deems just and proper.

## COUNT IV
## CONFLICT OF INTEREST- ALL DEFENDANTS

95.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

96.     The PSA specifically provided for both the Buyer and Seller to jointly engage and rely upon the legal representation and heirship and title opinions of the Blaney Defendants and by extension, the other Brann Firm Defendants.

97.     More specifically, the PSA provided in its express terms that since "clear title" to the Hill Heir Acreage was "difficult to determine," the Buyer and Seller would engage the Blaney Defendants and the other Brann Firm Defendants to "run title" and to issue heirship and title opinions prior to conducting any of the closings on the Hill Heir Acreage contemplated to be conveyed to Shepherd.

98.     As such, pursuant to the PSA, all of the Defendants agreed to represent the Buyer and Seller in the same transaction.

99.     The Blaney Defendants and the Brann Firm Defendants had an inherent conflict of interest in representing both the Buyer and Seller since they knew or should have known of the potential for the Buyer and Seller to have competing interests with respect to the purchase and sale of the Hill Heir Acreage  that was the subject of the PSA.

100.    The Blaney Defendants and the other Brann Firm Defendants never advised Brenco that under Pennsylvania law, the dual representation of buyer and seller is non-waivable and non-consentable in a transaction, such as the PSA transaction involving Brenco, Shepherd and Shepherd's Investors.

101.     Additionally, the Blaney Defendants and the other Brann Firm Defendants never proposed or obtained a written waiver of any potential conflict of interest from Brenco.

102.     The dual-representation of the Buyer and Seller in the PSA transaction involved a conflict of interest which was never properly addressed by the Blaney Defendants and the other Brann Firm Defendants under the applicable Pennsylvania Rules of Professional Conduct.

103.     The conflicts of interest herein were non-consentable since an attorney, such as the Blaney Defendants and the Brann Firm Defendants were legally barred from representing both a buyer and seller in the same transaction.

104.     As a direct and proximate result of the aforesaid negligence of the Blaney Defendants and the other Brann Firm Defendants, Brenco sustained monetary damages including but not limited to the monetary losses associated with the sale of defective or invalid OGM Rights to Shepherd and Shepherd's Investors pursuant to the PSA, the costs associated with the acquisition of defective or invalid OGM Rights, lost profits in excess of $1,000,000.00 from lost business opportunities associated with defective or invalid OGM Rights that Brenco still retains, lost royalty payments from defective or invalid OGM Rights in excess of $700,000.00 as well as attorneys' fees paid to the Brann Firm, other professional costs and expenses incurred in the Hill Heir Retention in excess of $300,000.00, and attorneys' fees and costs incurred in defending the claims asserted or to be asserted against Brenco by Shepherd and Shepherd's Investors and their subsequent grantees.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against all of the Defendants for damages, together with interest thereon, attorneys' fees, filing fees, and reasonable costs of suit and for such other and further relief as this court deems just and proper.

## COUNT V
## NEGLIGENT SUPERVISION- ALL DEFENDANTS

105. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

106. The Brann Firm was at all relevant times herein a general partnership.

107. At all times material, each and every one of the Blaney Defendants were employed by, and/or was an an agent or general partner with the other Brann Firm Defendants.

108 As a general partnership, the Brann Firm Defendants had a duty to direct, oversee, control and supervise the work performed by the other attorneys and employees of the firm, including the Blaney Defendants.

1109. At all times material, the Blaney Defendants were under the direction, supervision and control of the other Brann Firm Defendants.

110. Each and every one of the Brann Firm Defendants breached the duty described and set forth above when they failed to exercise ordinary care in supervising the Blaney Defendants in providing legal work and services to Brenco regarding the Hill Heir Retention.

111. Each and every one of the Brann Firm Defendants provided assurances and representations to Brenco that the Blaney Defendants were experienced oil and gas attorneys when, in fact, the Blaney Defendants were not at the relevant times that the heirship and title opinions and legal services were provided to Brenco in the Hill Heir Retention.

112. Each and every one of the Brann Firm Defendants negligently supervised the Blaney Defendants when the other Brann Firm Defendants knew or should have known that the

Blaney Defendants did not possess the experience or ability to properly represent Brenco in the Hill Heir Retention.

113.    It was foreseeable to each and every one of the Brann Firm Defendants, that the Blaney Defendants would fail to adequately and competently investigate and properly determine the rightful heirs of George R. Hill and to correctly identify and determine the lawful owners of the Hill Heir Acreage and/or fail to take action to adequately and compently investigate and correctly identify the lawful living heirs and owners of the Hill Heir Acreage and the associated OGM Rights.

114.    As a direct and proximate result of the aforesaid negligence of the Blaney Defendants and the other Brann Firm Defendants, Brenco sustained monetary damages including but not limited to the monetary losses associated with the sale of defective or invalid OGM Rights to Shepherd and Shepherd's Investors pursuant to the PSA, the costs associated with the acquisition of defective or invalid OGM Rights, lost profits in excess of $1,000,000.00 from lost business opportunities associated with defective or invalid OGM Rights that Brenco still retains, lost royalty payments from defective or invalid OGM Rights in excess of $700,000.00 as well as attorneys' fees paid to the Brann Firm, other professional costs and expenses incurred in the Hill Heir Retention in excess of $300,000.00, and attorneys' fees and costs incurred in defending the claims asserted or to be asserted against Brenco by Shepherd and Shepherd's Investors and their subsequent grantees.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against all of the Defendants for damages, together with interest thereon, attorneys' fees, filing fees, and reasonable costs of suit and for such other and further relief as this court deems just and proper.

## COUNT VI
## VICARIOUS PARTNERSHIP LIABILITY – ALL DEFENDANTS

115.    Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

116.    At all times material, the Blaney Defendants were general partners with the other Brann Firm Defendants and as such, the Blaney Defendants engaged in the aforesaid conduct while acting in the course and scope of their general partnership with the other Brann Firm Defendants.

117.    Therefore, the other Brann Firm Defendants are vicariously liable for the negligent conduct of the Blaney Defendants under the law of vicarious partnership liability in Pennsylvania.

118.    As a direct and proximate result of the aforesaid negligence of the Blaney Defendants and the other Brann Firm Defendants, Brenco sustained monetary damages including but not limited to the monetary losses associated with the sale of defective or invalid OGM Rights to Shepherd and Shepherd's Investors pursuant to the PSA, the costs associated with the acquisition of defective or invalid OGM Rights, lost profits in excess of $1,000,000.00 from lost business opportunities associated with defective or invalid OGM Rights that Brenco still retains, lost royalty payments from defective or invalid OGM Rights in excess of $700,000.00 as well as attorneys' fees paid to the Brann Firm, other professional costs and expenses incurred in the Hill Heir Retention in excess of $300,000.00, and attorneys' fees and costs incurred in defending the claims asserted or to be asserted against Brenco by Shepherd and Shepherd's Investors and their subsequent grantees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against all of the Defendants for damages, together with interest thereon, attorneys' fees, filing fees, and reasonable costs of suit and for such other and further relief as this court deems just and proper.

Respectfully submitted,
McGivney, Kluger & Cook, P.C.

Alexander J. Palamarchuk, Esq. (No. 22597)
apalamarchuk@mklaw.us.com
1650 Arch Street, Suite 1800
Philadelphia, PA 19103
T: 215-557-1990
F: 215-557-7590

Date: _7·19-17_

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all counts.

Date: 7-19-17

_____
Alexander J. Palamarchuk, Esq.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Brenco Oil, Inc.

**DEFENDANTS**
Casandra K. Blaney, Esq.

**(b)** County of Residence of First Listed Plaintiff **Maricopa County, AZ**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Bradford County, PA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
McGivney, Kluger & Cook, 1650 Arch St., Suite 1800
Philadelphia, PA 19103; 215-557-1990

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1  U.S. Government Plaintiff
- ❑ 3  Federal Question *(U.S. Government Not a Party)*
- ❑ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | Product Liability | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & | ❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' Liability | ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 340 Marine | **PERSONAL PROPERTY** | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| | ❑ 345 Marine Product Liability | ❑ 370 Other Fraud | **LABOR** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 380 Other Personal Property Damage | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 385 Property Damage Product Liability | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | | ❑ 751 Family and Medical Leave Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | | | ❑ 790 Other Labor Litigation | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| | | | ❑ 791 Employee Retirement Income Security Act | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❑ 895 Freedom of Information Act |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from Another District *(specify)*
- ❑ 6 Multidistrict Litigation - Transfer
- ❑ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Claims based on breaches of duties and contract providing legal services to Plaintiff

## VII. REQUESTED IN COMPLAINT:
❑ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ❑ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
July 19, 2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____