IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRENCO OIL, INC.,
    *Plaintiff*,   :   CIVIL ACTION
                                :
   v.   :
                                :
CASANDRA K. BLANEY et al.,   :
    *Defendants*.   :   No. 17-3938

## **MEMORANDUM**

PRATTER, J.                                                                                         DECEMBER 13, 2017

### INTRODUCTION

In this case, an oil company alleges that its law firm committed two cardinal sins of oil-and-gas law practice: (1) carelessly misidentifying the holders of title to land, and (2) representing both sides of a land sale in a concurrent conflict of interest.

In this partial motion to dismiss, the Court answers three limited questions about the complaint. First, the Court dismisses the count for breach of contract because the allegation that the firm carelessly misidentified the true landowners sounds in tort, not in contract. Second, the Court dismisses the count for "conflict of interest," because the Pennsylvania Rules of Professional Conduct do not themselves give rise to civil liability. Third, applying the so-called American Rule of fee shifting, in which each side bears its own costs, the Court excludes from the alleged damages any attorneys' fees incurred in *this* litigation, but not fees incurred in the *other* litigation and prior legal representation alleged in the complaint.

The Court grants Brenco Oil leave to amend its complaint consistent with this opinion.

1

## FACTS

Brenco Oil, an oil and gas company, hired the Brann law firm to identify heirs to land in central Pennsylvania. Brenco Oil's plan was to buy the oil, gas, and mineral rights (also known as "OGM rights") to the land and then sell those rights for a profit. Brenco Oil alleges that Casandra Blaney, an attorney at the Brann firm, identified the wrong owners of the land. Based on the Brann firm's incorrect legal services and advice, Brenco Oil bought the OGM rights to the land from those who turned out to be the non-owners. Later, Brenco Oil sold the rights (which it thought it owned) to Shepherd Royalty, a buyer from Texas — and the Brann firm represented both Shepherd and Brenco Oil in that transaction.

Once it became clear that Brenco Oil never had legal title in the first place, Shepherd sued Brenco Oil. Brenco Oil, in turn, brought this case against Ms. Blaney and other attorneys at the Brann firm. Brenco Oil's complaint contains counts for: (1) professional negligence; (2) breach of contract; (3) breach of fiduciary duty; (4) conflict of interest; (5) negligent supervision; and (6) vicarious partnership liability. In response, the Brann attorneys filed a partial motion to dismiss. The Court heard oral argument on the motion.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is]

sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994). Also, the Court must accept as true all reasonable inferences emanating from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party. *See Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or even discount reality. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

## ANALYSIS OF PARTIAL MOTION TO DISMISS

The Brann attorneys have filed a partial motion to dismiss, in which they advance three arguments: (i) targeted at the count for breach of contract; (ii) aimed at the count for conflict of interest; and (iii) seeking to exclude attorneys' fees from Brenco Oil's alleged damages.

The Court will consider each argument in turn. First, because the gist of Brenco Oil's complaint about the misidentified title-holders is the tort of professional negligence, the claim for breach of contract is dismissed with leave to amend. Second, because any independent claim for "conflict of interest" is subsumed into the count for breach of fiduciary duty, the claim for

conflict of interest is dismissed with leave to amend the count for fiduciary duty. The Court excludes from Brenco Oil's claimed damages any attorneys' fees paid by Brenco Oil in *this lawsuit*, but includes fees paid by Brenco Oil (a) to defend itself in the *suit brought by Shepherd* (the erstwhile subsequent buyer), and (b) to the Brann firm during the time Brann originally represented Brenco Oil.

**I.  Brenco Oil's Breach of Contract Claim is Barred by the Gist of the Action Doctrine**

The Brann firm argues that the count for breach of contract is really a count for the tort of professional negligence and should be dismissed as a result. The Court agrees. This section (a) summarizes the rule for the "gist of the action" doctrine, (b) applies the rule to dismiss the count for breach of any explicit contract term, and (c) concludes by noting that the claim for breach of contract cannot be predicated on the breach of an *implied* contractual term.

*A. Gist of the Action Doctrine – Rule*

When a plaintiff brings tort and contract claims for the same underlying conduct, a court must decide "whether the claim is truly one in tort, or for breach of contract." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014). To do so, the court must decide the so-called "gist" of the action by looking to "the nature of the duty alleged to have been breached." *Id.* at 64. In other words, the court asks whether the duty came from tort law or from a contract. "Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." *Id.* at 66 (quoting *Bash v. Bell Tel. Co.*, 601 A.2d 825, 829 (Pa. Super. 1992)).

Even if the two parties had a contract (as they did here), and even if the claim "is based on the actions of the defendant undertaken while performing his contractual duties," the claim is not "automatically" for breach of contract. *Id.* at 63. The contract could merely be "the vehicle,

or mechanism, which established the relationship between the parties, during which the tort of negligence was committed." *Id.* at 70.

Claims for the tort of legal malpractice often fall into this category. After all, nearly all *torts* for legal malpractice will arise from an initial engagement, or *contract*, between a lawyer and a client. *See Knopick v. Connelly*, 639 F.3d 600, 605 n.7 (3d Cir. 2011). "[W]hen a plaintiff's cause of action is based on the attorney's failure to exercise due care, it will sound in contract only if the attorney fails to follow the client's specific instructions or, by her negligence, breaches a specific provision of the contract." *Edwards v. Thorpe*, 876 F. Supp. 693, 694 (E.D. Pa. 1995). "[A] claim sounds in negligence unless it is alleged that the [attorney] breached one of the 'specific executory promises which comprise the contract.'" *New York Cent. Mut. Ins. Co. v. Edelstein*, 637 F. App'x 70, 73 (3d Cir. 2016) (quoting *Bruno*, 106 A.3d at 70).

### B. Gist of the Action Doctrine – Application

Brenco Oil did not attach a contract to its complaint. Nevertheless, it appears that the Brann firm's obligation under each of its contracts was to issue "title opinions" which identified the current owners of the land.[1] The gist of the allegations against the Brann firm is that its "title opinions" identified the incorrect owners.

Thus, it appears that the breach of contract claim is really a claim that the firm was negligent in providing legal services. In other words, the gist of Brenco Oil's action is that the Brann firm was *careless*, not that it *failed to perform* a specific task under the contract. As the Brann firm puts it, the firm "performed the work contemplated by the [contract]. At issue is whether in the process of performing that work, [the firm] was negligent." Reply at 2.

---

[1] According to the complaint, three contracts could give rise to Brenco Oil's claim for breach of contract: (1) the initial contract between Brenco Oil and the Brann firm; (2) a follow-on contract in which Brenco Oil retained the Brann firm to investigate the owners of other land; and (3) the sales agreement between Brenco Oil and Shepherd (in which the Brann firm represented both parties but was not a party itself).

Both parties analogize to *Bruno v. Erie Ins. Co.*, 106 A.3d 48 (Pa. 2014), and *Rinker v. Amori*, No. 15-CV-1293, 2016 WL 1110217 (M.D. Pa. Mar. 22, 2016). And both cases support the Brann firm's contention that the gist of the action doctrine bars the count for breach of contract.

First, in *Bruno*, homeowners had an insurance policy that required the insurer to pay the costs of detecting and removing mold found in the home. 106 A.3d at 70. The insurer removed the mold and assured the homeowners that the mold was harmless. Once that assurance proved incorrect, and the mold harmed the homeowners, the homeowners sued for negligence (but not for breach of contract). The insurer moved to dismiss the negligence claim on the ground that the gist of the complaint was for breach of contract, not negligence.

The Pennsylvania Supreme Court disagreed, holding that the claim was not based on the insurer's "violation of any of [its] contractual commitments." *Id.* The homeowners did not allege that the insurer failed to meet its contractual obligation to cover the costs of detecting and removing mold. In other words, the insurer's liability arose from its *careless performance* of the contract, not from its *nonperformance* altogether.

So too here. Just as the insurance policy in *Bruno* called for the insurer to detect and remove mold, the contract between Brenco Oil and the Brann firm called for the firm to issue title opinions as to the correct owners of the land. And just as the homeowners in *Bruno* alleged "negligent actions taken by [the insurer's agents] *while* they were performing [the insurer's] contractual obligation" to detect and remove the mold, *id.*, Brenco Oil has alleged that the Brann firm was careless *while* it prepared its title opinions. In both cases, the contract "merely served as the vehicle which established the relationship" between the parties, "during the existence of

6

which [the defendant] allegedly committed a tort." *Id.* at 71. In both cases, the defendants are alleged to have breached "a general social duty," not "any duty created by the [contract]." *Id.*

Next, in *Rinker*, a landlord hired two attorneys. The contract with the first attorney provided that the attorney would draw up and negotiate a mortgage agreement on the landlord's behalf. But the attorney failed to include a rents provision in the mortgage agreement — a glaring oversight, given that the landlord expected to use the property for rental income. The landlord sued the attorney for breach of contract.

The court dismissed the count for breach of contract because the underlying claim arose from the attorney's "negligent performance of his contractual obligations," which "sound[ed] in tort." *Rinker*, 2016 WL 1110217, at *7. The same reasoning applies here: just as the attorney fell carelessly short of his contractual duty to produce an adequate mortgage contract, the Brann firm (allegedly) fell carelessly short of its contractual duty to produce adequate title opinions. In both cases, the carelessness sounds in tort, not in contract.

The second *Rinker* attorney did not fare as well. His contractual duty was to bid for property on behalf of the landlord at a sheriff's sale. *Id.* at *8. But unlike the first attorney, who carelessly carried out his contractual obligation to draft the mortgage contract, the second attorney *never went to the sheriff's sale at all*. Because he "failed to perform" a "specific contractual obligation," the court allowed the claim for breach of contract to proceed. *Id.* That difference — between a careless performance (the first attorney) and a flat-out failure to perform (the second attorney) — is what sets the Brann firm squarely in the category of the first attorney. The complaint does not allege that the Brann firm failed to produce a title opinion at all; it alleges that the title opinions the firm did produce were carelessly researched and written. The gist of the action, therefore, is the tort of negligence.

7

Brenco Oil protests that the Brann firm's contractual obligation was not simply to produce *any* title opinion, but to produce a *correct* opinion. But this line of reasoning is foreclosed by the Third Circuit Court of Appeals' decision in *New York Cent. Mut. Ins. Co. v. Edelstein*, 637 F. App'x 70 (3d Cir. 2016). In that case, the court dismissed a count for breach of contract after an attorney provided inaccurate legal advice despite a promise to his clients that he would be "completely thorough." *Id.* at 73. The court noted that the clients "[did] not allege, for example, that [the attorney] failed to provide any legal opinion or advice." *Id.* The same is true here: Brenco Oil has not (and apparently cannot) allege that the Brann firm failed to issue *any* title opinions, only that the title opinions were inaccurate. The gist of such an allegation is negligence, not breach of contract.

### C. *The count for breach of contract cannot be predicated on an implied contractual term.*

The complaint alleges that the contract had terms "implied in law in legal services contracts," Compl. ¶ 81, and that the Brann firm breached these implied terms when it provided inaccurate title opinions.

Before 2014, this argument may have had legs. As the Pennsylvania Supreme Court put the matter in 1991, "[a]n attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large." *Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993). Sifted down through the Commonwealth's intermediate courts, this statement meant that a client did not need to prove "that an attorney failed to follow a specific instruction of the client" to establish an attorney's breach of contract. *Gorski v. Smith*, 812 A.2d 683, 697 (Pa. Super. Ct. 2002). Rather, if a plaintiff could show "that an attorney ha[d] breached his or her contractual duty to provide legal

8

service in a manner consistent with the profession at large, then the plaintiff ha[d] successfully established a breach of contract claim against the attorney." *Id.*

But according to the Third Circuit Court of Appeals, the 2014 pronouncement in *Bruno* forecloses this line of reasoning. *See Edelstein*, 637 F. App'x at 74. In *Edelstein*, the client had argued that the attorneys breached "the implied contractual term to perform [their] services in a manner consistent with the profession at large." *Id.* But in light of *Bruno*'s recent "delineation of contractual and tort claims . . . according to which a claim sounding in contract is founded on the breach of 'specific executory promises,'" the *Edelstein* court "declined to read . . . dicta in *Bailey* as establishing a distinct contractual promise upon which a breach of contract claim may be premised." *Id.* (quoting *Bruno*, 106 A.3d at 70). Thus, the gist of the action is tort, notwithstanding any express or implied terms in the parties' contracts.

\*     \*     \*

Because Brenco Oil did not attach any contract to its complaint, the Court looks in the complaint itself for the contractual obligation alleged to have been breached. To the extent that Brenco Oil contends that the Brann firm breached a duty separate from a law firm's general duty of professional care, the Court grants Brenco Oil leave to amend its complaint with more specificity on this point.

## II. Conflict of Interest

The Brann firm argues that Brenco Oil's count for "conflict of interest" is based solely on Brann's violation of Pennsylvania Rule of Professional Conduct 1.7, but that professional ethics rules, standing alone, cannot give rise to civil liability. The Court agrees. It appears that the conflict-of-interest violation is already captured in (and is therefore redundant with) the count for breach of fiduciary duty.

### A. Violating the rules of professional ethics does not, on its own, give rise to civil liability.

According to the complaint, the Brann firm violated Rule 1.7 of the Pennsylvania Rules of Professional Conduct by representing two clients in a "concurrent conflict of interest" without obtaining both clients' "informed consent" in a written waiver.[2] Even taken as true, this allegation does not provide Brenco with an independent cause of action for "conflict of interest."

"[S]imply because a lawyer's conduct may violate the rules of ethics does not mean that the conduct is actionable, in damages or for injunctive relief." *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1284 (Pa. 1992). The preamble to the Rules themselves cautions that "[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached." Pa. R. Prof'l Conduct, pmbl. ¶ 19. This is because the Rules are broad, prophylactic guidelines meant for guidance and for attorney disciplinary proceedings, and "[t]he fact that a situation 'looks bad' may be enough in disqualification or disciplinary proceedings, but it is a poor fit for tort liability." Note, *Proving Breach of Former-Client Confidentiality*, 131 HARV. L. REV. 582, 593 (2017) (quoting *Lazy Seven Coal Sales, Inc. v. Stone & Hinds, P.C.*, 813 S.W.2d 400, 410 (Tenn. 1991)). Therefore, the count for "conflict of interest" is dismissed.

### B. Brenco Oil will still have a remedy for the Brann firm's conflict: breach of fiduciary duty.

Even though the Rules do not "augment any substantive legal duty of lawyers," Pa. R. Prof'l Conduct, pmbl. ¶ 19, some rules both codify preexisting fiduciary duties and serve as evidence of the standard of care. Rule 1.7 is one such rule. The Pennsylvania Supreme Court has recognized the abundant "law established by the courts of this Commonwealth and

---

[2] Rule 1.7, entitled "Conflict of Interest: Current Clients," provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." One exception is if "each affected client gives informed consent." Pa. R. Prof'l Conduct 1.7(b)(4).

throughout the United States which have imposed civil liability on attorneys for breaches of their fiduciary duties by engaging in conflicts of interest, notwithstanding the existence of professional rules under which the attorneys also could be disciplined." *Maritrans GP, Inc.*, 602 A.2d at 1282. For instance, "[a]t common law, an attorney owes a fiduciary duty to his client; such duty demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest, and breach of such duty is actionable." *Id.* at 1283; *cf.* Note, *supra*, at 588 (noting that "[c]ourts characterize a suit arising out of an attorney's conflict of interest" as "a breach of the duties of loyalty or confidentiality, a breach of fiduciary duty, or a breach of the standard of care," but never as a stand-alone claim for conflict of interest).

In this case, Brenco Oil's claim for breach of fiduciary duty is arguably framed around the misidentified title-holders, not the conflict of interest. For example, the count states that the Brann firm (1) failed to investigate and properly determine the owners; (2) assured Brenco Oil that the firm had identified the proper owners; (3) incorrectly assured Brenco Oil that Ms. Blaney was an experienced oil-and-gas lawyer; and (4) "otherwise fail[ed] to exercise the ordinary degree of skill, knowledge, diligence and professional care normally exercised in the legal profession." Compl. ¶ 93. These charges all sound in negligence (and relate to the fiduciary duty of *care*), not in conflict of interest (which relates to the fiduciary duty of *loyalty*). Indeed, the count ends in a plea for damages caused by "the aforesaid negligence." Compl. ¶ 94. (Confusingly, the count for conflict of interest also uses the same "negligence" language. *See* Compl. ¶ 104.)

However, at the motion to dismiss stage, there is enough in the count for breach of fiduciary duty to arguably cover the Brann firm's conflict of interest. The fiduciary count alleges that the Brann firm "had a fiduciary duty to exercise unqualified good faith, honesty, integrity

and zealousness in representing Brenco." Compl. ¶ 92. In the Court's view, to allege that the Brann firm fell short of its duty of integrity and zealousness could be read to mean that the conflict of interest violated the firm's fiduciary duty of loyalty. In other words, the count for breach of fiduciary duty could be read to flow both from the title work (breaching the duty of care) and from representing both buyer and seller in the Shepherd sale (breaching the duty of loyalty).

Still, to the extent that Brenco Oil wishes to amend its complaint to set out with more specificity the exact fiduciary breaches committed by the Brann firm (in other words, to recharacterize the count for "conflict of interest" under the broader umbrella of "breach of fiduciary duty"), the Court grants Brenco Oil leave to do so.

## III. Attorneys' Fees

The complaint demands "attorneys' fees, filing fees, and reasonable costs of suit." *E.g.*, Compl. ¶ 78. In the motion to dismiss, the Brann firm disclaims any liability for Brenco Oil's attorneys' fees.

There are actually three kinds of attorneys' fees at issue here: (1) the fees Brenco Oil paid to the Brann firm in connection with the title research land transactions; (2) the fees Brenco Oil is currently paying to defend itself in the suit by Shepherd Royalty; and (3) the costs of this suit by Brenco Oil against the Brann firm. Only the first two kinds of fees survive the motion to dismiss.

As to the first kind of fee, the fees Brenco Oil paid the Brann firm during its original representation appear to be recoverable. "Courts throughout the country have ordered the disgorgement of fees paid or the forfeiture of fees owed to attorneys who have breached their fiduciary duties to their clients by engaging in impermissible conflicts of interests." *Maritrans*

*GP, Inc.*, 602 A.2d at 1285; *see also* Note, *supra*, at 603 ("Under a theory of breach of fiduciary duty of loyalty, a former client may recover disgorgement of the legal fees paid to her former firm.").

The second kind of fee is what Brenco Oil has paid to defend the suit from Shepherd. To the extent that Brenco Oil's liability to Shepherd was caused by the Brann firm's alleged negligence, these fees can be recoverable as consequential damages.

As to the third kind of fee — Brenco Oil's costs in *this* suit — Brenco Oil concedes that each side should bear its own costs. Brenco Oil's complaint included "wherefore" clauses that read: "Plaintiff respectfully requests . . . damages, together with interest thereon, attorneys' fees, filing fees, and reasonable costs of suit . . . ." Compl. ¶¶ 78, 90, 94, 104, 114, 118. To the extent that this language refers to Brenco Oil's costs in this suit, it is stricken, and Brenco Oil may amend its complaint to reflect this ruling.

## CONCLUSION

For the foregoing reasons, the Court grants the Brann firm's motion to dismiss and grants Brenco Oil leave to amend its complaint in a manner consistent with this opinion.

An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE